IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS INC., | * | |
|     Plaintiff, | * | Civil Action |
| | * | |
| Vs. | * | File No.: 4-12-CV-129 (CDL) |
| | * | |
| MARTHA D. WATLEY, Individually, | * | |
| and as an officer, director, shareholder, | * | |
| and/or principal of THE DAWG HOUSE | * | |
|     Defendants. | * | |

MEMORANDUM IN RESPONSE TO
MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW MARTHA D. WATLEY and "THE DAWG HOUSE", Defendants herein, by and through their attorney, and make this Memorandum in Response to Motion for Partial Summary Judgment and shows unto this honorable Court as follows:

THE PARTIES

On June 8, 2012 the Plaintiff Joe Hand Promotions, Inc. filed a lawsuit against "The Dawg House" and Martha D. Watley. (Civil Docket Sheet Item 1) The Clerk prepared and issued two summons on the same date, one summons was issued as to "The Dawg House" and the second summons was issued as to Martha D. Watley. (Civil Docket Sheet Items 2 and 3)

Dee's Dawgs, LLC, the owner of the business known as "The Dawg House" has never been named as a party to this Complaint. Dee's Dawgs LLC is a Georgia Limited Liability Company in active compliance with the Secretary of State since January 2009. (Exhibit B attached to Affidavit of Martha Watley)

The business known as "The Dawg House" has been owned and operated by Dee's Dawgs LLC before, during and after the allegations contained in the Complaint filed in this case.

(¶ 3, Watley Affidavit)   All individuals employed in the business operating under the trade name "The Dawg House" are employed by and paid by Dee's Dawgs LLC.  (¶ 11, Watley Affidavit)

## SERVICE

In July 2012 Mrs. Watley went to the business known as "The Dawg House" and an employee handed her a copy of a Complaint filed with this Court, which had been downloaded from the Court's website, that had a Summons attached to it for "Dawghouse Bar and Grill". The employee informed her that "some guy brought this in" and "said he was a process server." (¶ 4, Watley Affidavit, Exhibit D to Watley Affidavit)

In response to a discovery dispute this Court ordered that Plaintiff produce proof of service on the two Defendants and stayed discovery and other action until proof had been filed. On December 19, 2012 the Defendant Watley's husband was served with an identical copy of the Complaint at their home which included an identical Summons to "Dawghouse Bar and Grill".  (¶ 5, Watley Affidavit, Summons attached as Exhibit E)   Mrs. Watley, an individual, has never been properly served with a lawsuit and summons directed to her.  The issue of lack of service was raised in the Answer filed in this matter on July 31, 2012.

Apparently Mrs. Watley is being sued because she is the sole member of the entity (Dee's Dawgs LLC) which owns the establishment doing business as "The Dawg House", However, she can only be held liable under the theory as respondeat superior if she directed or condoned an employee's actions in ordering the protected program.

Mrs. Watley did not order the program, was not aware it had been ordered, and was not present on the date it was exhibited.  (¶ 7&8, Watley Affidavit)   Even if she had been aware, the entity which controls the actions of the employees is Dee's Dawgs LLC, not Mrs. Watley, individually.

The Plaintiff, in support of its contention Mrs. Watley is individually liable outside of the protection of the LLC, even though she has never been served with a Complaint in this matter, is that the alcohol beverage license held by the business is in her name individually and not in the name of the LLC. The Georgia Department of Revenue will not allow a corporate entity to hold an alcohol beverage license and it must be in the name of a member of the corporate entity. (¶ 6, Watley Affidavit)

CONCLUSION

Despite discovery responses that identify the correct legal entity in this case, and despite the Court's Order of December 14, 2012 directing Plaintiff's counsel to assure that service of the Complaint has been made and to respond to Defendant's motion demonstrating proof of service, Mrs. Watley, individually or in any representative capacity has never been served with a Complaint and Summons in this matter. The Plaintiff chose not to depose Mrs. Watley. The Plaintiff has failed to prove that "The Dawg House" is anything other than a trade name of a legal entity not named in the lawsuit and has failed to properly serve Mrs. Watley with a copy of the Complaint and a Summons directed to her in this matter. The appropriate sanction of this Court for a party moving for summary judgment prior to service would be to dismiss its Complaint with prejudice.

Submitted this 3rd day of April, 2013.

s/ William J. Mason
_____
William J. Mason
Attorney for Defendants
Georgia State Bar No.: 475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone: 706-323-6220
Facsimile: 706-323-8863

CERTIFICATE OF SERVICE

    I hereby certify that I have this 3rd day of April, 2013, served the within and foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    William Anthony Collins, Jr.
    1827 Powers Ferry Road SE, Suite 7-350
    Atlanta, Georgia 30339

    s/William J. Mason
    _____
    William J. Mason
    Attorney for Defendants
    Georgia State Bar No.:  475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone:  706-323-6220
Facsimile:  706-323-8863