# WILLIAM J. MASON
*ATTORNEY AT LAW*

*LOCATION*
19 NINTH STREET, SUITE 101
COLUMBUS, GEORGIA 31901

*MAILING ADDRESS*
P.O. BOX 1011
COLUMBUS, GEORGIA 31902-1011
(706) 323-6220
FACSIMILE: (706) 323-8863

PERSONAL INJURY
TRIAL PRACTICE
VICTIM COMPENSATION

January 22, 2013

William Anthony Collins, Jr.
Attorney at Law
8565 Dunwoody Place
Building 15, Suite B
Atlanta, Georgia 30350

RE: Joe Hand Promotions, Inc. v. Martha D. Watley, et al
Civil Action File No.: 4:12-CV-129(CDL)

Dear Mr. Collins:

Enclosed please find the Responses to Request for Admissions that were inadvertently mailed to an incorrect address. As stated on the Certificate of Service attached to the Responses, the same were mailed timely. Should you have any questions, please let me know.

Yours truly,

William J. Mason

WJM/ft

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS INC., <br>     Plaintiff, <br><br> Vs. <br><br> MARTHA D. WATLEY, Individually, <br> and as an officer, director, shareholder, <br> and/or principal of THE DAWG HOUSE <br>     Defendants. | Civil Action <br><br> File No.: 4-12-CV-129 (CDL) |

DEFENDANT MARTHA D. WATLEY'S
RESPONSE TO REQUEST FOR ADMISSIONS
TO DEFENDANT MARTHA D. WATLEY

Comes now Martha D. Watley, by and through her attorney and makes this Response to Request for Admissions to Defendant Martha D. Watley and shows as follows:

Request #1.   YOU were a principal of the entity d/b/a the ESTABLISHMENT on the date of the PROGRAM.

    **Response:**   **Denied. I am a member of the LLC.**

Request #2.   YOU were a principal of the ESTABLISHMENT on the date of the PROGRAM.

    **Response:**   **Denied. I am a member of the LLC.**

Request #3.   YOU were a manager of the ESTABLISHMENT on the date of the PROGRAM.

    **Response:**   **Denied.**

Request #4.   YOU were named on the liquor license for the ESTABLISHMENT on the day of the PROGRAM.

    **Response:**   **Admitted.**

Request #5.   YOU were present at the ESTABLISHMENT on the date of the PROGRAM.

**Response:    Denied.**

Request #6.   YOU were present at the ESTABLISHMENT during the broadcast of the PROGRAM.

**Response:    Denied.**

Request #7.   YOU witnessed the broadcast of the PROGRAM at the ESTABLISHMENT.

**Response:    Denied.**

Request #8.   The ESTABLISHMENT was located at 5285 Chumar Drive, Columbus, GA 31904-4893 on the date of the PROGRAM.

**Response:    Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #9.   The ESTABLISHMENT was open for business on the date and during the time of the date of the PROGRAM.

**Response:    Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #10.   The ESTABLISHMENT was a commercial business and not a residential dwelling on the date of the PROGRAM.

**Response:    Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #11.   The ESTABLISHMENT was a commercial bar/restaurant business that offered food and/or alcohol for purchase on the date of the PROGRAM.

**Response:    Admitted except for the address.**

Request #12.   The ESTABLISHMENT did broadcast, in part or in full, the PROGRAM.

**Response:    Admitted.**

Request #13.   Neither YOU nor anyone else ordered the PROGRAM from JHP for broadcast at the ESTABLISHMENT.

**Response:    Admitted.**

Request #14.  Neither YOU nor anyone else paid JHP for the commercial exhibition rights to broadcast the PROGRAM at the ESTABLISHMENT.

    **Response:**    **Admitted.**

Request #15.  YOU ordered and obtained the PROGRAM through a residential cable television account registered to the address of the ESTABLISHMENT.

    **Response:**    **Admitted.**

Request #16.  YOU ordered and obtained the PROGRAM through a residential cable television account registered to an address other than that to the ESTABLISHMENT.

    **Response:**    **Denied.**

Request #17.  YOU ordered and obtained the PROGRAM through a residential satellite television account registered to the address of the ESTABLISHMENT.

    **Response:**    **Denied.**

Request #18.  YOU ordered and obtained the PROGRAM through a residential satellite television account registered to an address other than that of the ESTABLISHMENT.

    **Response:**    **Denied.**

Request #19.  The PROGRAM was ordered and obtained through a residential cable television account in YOUR name.

    **Response:**    **Admitted.**

Request #20.  The PROGRAM was ordered and obtained through a residential satellite television account in your name.

    **Response:**    **Denied.**

Request #21.  YOU knew that the ESTABLISHMENT did not obtain the commercial exhibition rights to the PROGRAM from JHP.

    **Response:**    **Denied.**

Request #22.  YOU knew that the broadcast of the PROGRAM at the ESTABLISHMENT was not authorized by JHP.

**Response:** **Denied.**

Request #23. YOU knowingly broadcasted the PROGRAM at the ESTABLISHMENT.

**Response:** **Denied.**

Request #24. YOU willfully broadcasted the PROGRAM at the ESTABLISHMENT.

**Response:** **Denied.**

Request #25. Certain programming is broadcast on the television at the ESTABLISHMENT to attract potential patrons.

**Response:** **Admitted.**

Request #26. Certain programming that interests potential patrons may attract them to the ESTABLISHMENT.

**Response:** **Admitted.**

Request #27. Certain programming is broadcast on the television at the ESTABLISHMENT for current patrons' viewing pleasure.

**Response:** **Admitted.**

Request #28. Patrons spend money at the ESTABLISHMENT.

**Response:** **Admitted.**

Request #29. YOU benefit financially when patrons spend money at the ESTABLISHMENT.

**Response:** **Admitted.**

Request #30. The ESTABLISHMENT benefits financially when patrons spend money at the ESTABLISHMENT.

**Response:** **Admitted.**

Request #31. YOU benefited financially from the ESTABLISHMENT's sales on the date of the PROGRAM.

**Response:** Admitted.

Request #32. YOU collect payment from patrons to view the PROGRAM at the ESTABLISHMENT.

**Response:** Denied.

Request #33. YOU advertised the broadcast of the PROGRAM on a sign outside the ESTABLISHMENT.

**Response:** Denied.

Request #34. YOU promoted the broadcast of the PROGRAM at the ESTABLISHMENT.

**Response:** Denied.

Request #35. YOU were aware of promotion of the PROGRAM at the ESTABLISHMENT.

**Response:** Denied.

Request #36. UFC 134: Silva v. Okami Broadcast was exhibited at the ESTABLISHMENT.

**Response:** Admitted.

Submitted this 7th day of January, 2013.

s/ William J. Mason
_____
William J. Mason
Attorney for Defendants
Georgia State Bar No.: 475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone: 706-323-6220

STATE OF GEORGIA

COUNTY OF MUSCOGEE

## VERIFICATION

Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths in and for said State and County, MARTHA D. WATLEY after first having been sworn, deposes and states that the information contained herein is true ad correct to the best of my knowledge and belief.

_____
MARTHA D. WATLEY

Sworn to and subscribed before me
this the 7 day of Jan , 2013.

_____
Notary Public
My Commission expires: 10/23/13

[Notary Seal: TRACY FRAZIER — NOTARY PUBLIC–OFFICIAL SEAL — MUSCOGEE COUNTY, GA]

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of January, 2013, served a copy of the foregoing document upon the opposing party by hand delivery and/or by depositing a copy in the United States mail with proper postage affixed thereon and addressed as follows:

>William Anthony Collins, Jr.
>1827 Powers Ferry Road SE, Suite 7-350
>Atlanta, Georgia 30339

>s/William J. Mason
>_____
>William J. Mason
>Attorney for Defendants
>Georgia State Bar No.: 475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone: 706-323-6220
Facsimile: 706-323-8863

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS INC., <br> Plaintiff, | * <br> * <br> * | Civil Action |
| Vs. | * <br> * | File No.: 4-12-CV-129 (CDL) |
| MARTHA D. WATLEY, Individually, <br> and as an officer, director, shareholder, <br> and/or principal of THE DAWG HOUSE <br> Defendants. | * <br> * <br> * <br> * | |

DEFENDANT MARTHA D. WATLEY'S
RESPONSE TO REQUEST FOR ADMISSIONS
TO DEFENDANT THE DAWG HOUSE

Comes now Martha D. Watley, by and through her attorney and makes this Response to Request for Admissions to Defendant The Dawg House and shows as follows:

Request #1.   YOU were a principal of the entity d/b/a the ESTABLISHMENT on the date of the PROGRAM.

   **Response:**   Denied. I am a member of the LLC.

Request #2.   YOU were a principal of the ESTABLISHMENT on the date of the PROGRAM.

   **Response:**   Denied. I am a member of the LLC.

Request #3.   YOU were a manager of the ESTABLISHMENT on the date of the PROGRAM.

   **Response:**   Denied.

Request #4.   YOU were named on the liquor license for the ESTABLISHMENT on the day of the PROGRAM.

   **Response:**   Admitted.

Request #5.   YOU were present at the ESTABLISHMENT on the date of the PROGRAM.

**Response:** Denied.

Request #6.   YOU were present at the ESTABLISHMENT during the broadcast of the PROGRAM.

**Response:** Denied.

Request #7.   YOU witnessed the broadcast of the PROGRAM at the ESTABLISHMENT.

**Response:** Denied.

Request #8.   The ESTABLISHMENT was located at 5285 Chumar Drive, Columbus, GA 31904-4893 on the date of the PROGRAM.

**Response:** **Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #9.   The ESTABLISHMENT was open for business on the date and during the time of the date of the PROGRAM.

**Response:** **Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #10.   The ESTABLISHMENT was a commercial business and not a residential dwelling on the date of the PROGRAM.

**Response:** **Denied. The Dawg House is not located at 5285 Chumar Drive, Columbus, GA 31904-4893.**

Request #11.   The ESTABLISHMENT was a commercial bar/restaurant business that offered food and/or alcohol for purchase on the date of the PROGRAM.

**Response:** **Admitted except for the address.**

Request #12.   The ESTABLISHMENT did broadcast, in part or in full, the PROGRAM.

**Response:** **Admitted.**

Request #13.   Neither YOU nor anyone else ordered the PROGRAM from JHP for broadcast at the ESTABLISHMENT.

**Response:** **Admitted.**

Request #14.   Neither YOU nor anyone else paid JHP for the commercial exhibition rights to broadcast the PROGRAM at the ESTABLISHMENT.

    **Response:**   **Admitted.**

Request #15.   YOU ordered and obtained the PROGRAM through a residential cable television account registered to the address of the ESTABLISHMENT.

    **Response:**   **Admitted.**

Request #16.   YOU ordered and obtained the PROGRAM through a residential cable television account registered to an address other than that to the ESTABLISHMENT.

    **Response:**   **Denied.**

Request #17.   YOU ordered and obtained the PROGRAM through a residential satellite television account registered to the address of the ESTABLISHMENT.

    **Response:**   **Denied.**

Request #18.   YOU ordered and obtained the PROGRAM through a residential satellite television account registered to an address other than that of the ESTABLISHMENT.

    **Response:**   **Denied.**

Request #19.   The PROGRAM was ordered and obtained through a residential cable television account in YOUR name.

    **Response:**   **Admitted.**

Request #20.   The PROGRAM was ordered and obtained through a residential satellite television account in your name.

    **Response:**   **Denied.**

Request #21.   YOU knew that the ESTABLISHMENT did not obtain the commercial exhibition rights to the PROGRAM from JHP.

    **Response:**   **Denied.**

Request #22.   YOU knew that the broadcast of the PROGRAM at the ESTABLISHMENT was not authorized by JHP.

  **Response: Denied.**

Request #23. YOU knowingly broadcasted the PROGRAM at the ESTABLISHMENT.

  **Response: Denied.**

Request #24. YOU willfully broadcasted the PROGRAM at the ESTABLISHMENT.

  **Response: Denied.**

Request #25. Certain programming is broadcast on the television at the ESTABLISHMENT to attract potential patrons.

  **Response: Admitted.**

Request #26. Certain programming that interests potential patrons may attract them to the ESTABLISHMENT.

  **Response: Admitted.**

Request #27. Certain programming is broadcast on the television at the ESTABLISHMENT for current patrons' viewing pleasure.

  **Response: Admitted.**

Request #28. Patrons spend money at the ESTABLISHMENT.

  **Response: Admitted.**

Request #29. YOU benefit financially when patrons spend money at the ESTABLISHMENT.

  **Response: Admitted.**

Request #30. The ESTABLISHMENT benefits financially when patrons spend money at the ESTABLISHMENT.

  **Response: Admitted.**

Request #31. YOU benefited financially from the ESTABLISHMENT's sales on the date of the PROGRAM.

  **Response:**  **Admitted.**

Request #32. YOU collect payment from patrons to view the PROGRAM at the ESTABLISHMENT.

  **Response:**  **Denied.**

Request #33. YOU advertised the broadcast of the PROGRAM on a sign outside the ESTABLISHMENT.

  **Response:**  **Denied.**

Request #34. YOU promoted the broadcast of the PROGRAM at the ESTABLISHMENT.

  **Response:**  **Denied.**

Request #35. YOU were aware of promotion of the PROGRAM at the ESTABLISHMENT.

  **Response:**  **Denied.**

Request #36. UFC 134: Silva v. Okami Broadcast was exhibited at the ESTABLISHMENT.

  **Response:**  **Admitted.**

    Submitted this 7th day of January, 2013.

          s/ William J. Mason
          _____
          William J. Mason
          Attorney for Defendants
          Georgia State Bar No.: 475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone: 706-323-6220

**STATE OF GEORGIA**

**COUNTY OF MUSCOGEE**

**VERIFICATION**

Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths in and for said State and County, MARTHA D. WATLEY after first having been sworn, deposes and states that the information contained herein is true ad correct to the best of my knowledge and belief.

MARTHA D. WATLEY

Sworn to and subscribed before me
this the 7 day of Jan, 2013.

Notary Public
My Commission expires: 10/23/13

TRACY FRAZIER
-NOTARY PUBLIC-OFFICIAL SEAL-
MUSCOGEE COUNTY, GA

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of January, 2013, served a copy of the foregoing document upon the opposing party by hand delivery and/or by depositing a copy in the United States mail with proper postage affixed thereon and addressed as follows:

>William Anthony Collins, Jr.
>1827 Powers Ferry Road SE, Suite 7-350
>Atlanta, Georgia 30339

>s/William J. Mason
>_____
>William J. Mason
>Attorney for Defendants
>Georgia State Bar No.: 475690

18 Ninth Street, Suite 101
Post Office Box 1011
Columbus, Georgia 31902-1011
Phone: 706-323-6220
Facsimile: 706-323-8863